UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **NORRIS ALBERT, individually and on behalf of all others similarly situated,** -against- **ENSITE USA, INC.** | **No:** 3:21-cv-418-DJH **CLASS ACTION COMPLAINT** |

Norris Albert ("Plaintiff"), individually, individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation, unpaid overtime and other damages for Plaintiff as an Electrical Inspector for EnSite USA, Inc. ("EnSite" or "Defendant").

2. Headquartered in Houston, Texas, EnSite is one of the country's "leading" full-service pipeline management companies, providing services to companies in the oil and energy industry across the United States.[1]

3. As part of EnSite's services, oil and energy companies' contract with EnSite to assign Inspectors to the contracting companies' ongoing construction projects.[2]

4. EnSite failed to compensate Plaintiff with overtime pay. Regardless of EnSite's customer, EnSite compensated Plaintiff with a set day-rate.

5. Plaintiff regularly worked in excess of 40 hours each workweek.

6. Despite this, EnSite did not pay Plaintiff overtime compensation for these hours.

---

[1] EnSiteUSA, *About, available at* https://www.linkedin.com/company/ensiteusa/.
[2] EnSiteUSA, *Inspection Services*, 2021, *available at* https://www.ensiteusa.com/services/independent-services/inspection/

1

7. Ensite was required to pay Plaintiff overtime pay, in part, because Ensite did not pay Plaintiff on a salary basis.

8. In that regard, EnSite only paid Plaintiff for time that he was at the jobsite and available to work.

9. One example of EnSite's unlawful practice is that EnSite would not pay Plaintiff if he missed work due to illness.

10. EnSite failed to keep accurate records of the hours worked by Plaintiff. In an effort to keep costs down for their customers, EnSite required Plaintiff to report his *scheduled* start and end times rather than the actual hours he worked each day. Despite regularly working more than his scheduled shift, Plaintiff was not always permitted to record this time.

11. Plaintiff brings this action on behalf of himself and similarly situated current and former Pipeline Inspectors who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that has deprived Plaintiff and similarly situated employees of their lawfully earned wages.

12. Plaintiff also brings this action on behalf of himself and all other similar Inspectors in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Kentucky Wage and hour Laws ("KWHL").

13. Plaintiff also brings this action on behalf of himself and all other similar Inspectors in Ohio pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Ohio Minimum Fair Wage Act ("OMWA").

## THE PARTIES

**Plaintiff**

### Albert Norris

14. Albert Norris ("Norris") is an adult individual who is a resident of Kentucky.

15. Norris was employed by EnSite as an Electrical Inspector from in or around April 29, 2016 through October 15, 2018 in Kentucky, Ohio and Texas.

16. Norris is a covered employee within the meaning of the FLSA, KWHL and OMWA. A consent is being filed with this Complaint as Exhibit A.

17. Norris is subject to a tolling agreement which tolled his claims for 133 days. Exhibit B, Tolling Agreement.

18. On August 15, 2019, Norris filed a consent in the matter *Norris v. EnSite USA Inc.*, No. 4:18-2941, Dkt. No. 32, (S.D. Tex.). The matter was decertified on May 19, 2021. *Id.* at 72.

**Defendant**

### EnSite USA, Inc.

19. EnSite USA, Inc. ("EnSite") is a foreign business corporation organized and existing under the laws of Texas.

20. EnSite's principal executive office is located at 3100 S. Gessner Ste. 400, Houston, Texas 77063.

21. Ensite maintains an office at 1055 Wellington Way, Suite 225, Lexington, KY 40513.

22. At all times relevant, EnSite has been a covered employer within the meaning of the FLSA, KWHL and OMWA.

23. At all times relevant, EnSite has employed Plaintiff.

24. EnSite paid Plaintiff a day rate and did not pay him overtime pay.

25. EnSite has maintained control, oversight, and direction over Plaintiff including

timekeeping, payroll, and other employment practices that applied to them.

26. During all times relevant, EnSite has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

28. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

30. Defendant is subject to personal jurisdiction in Kentucky.

31. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Albert Norris**

33. Norris was employed by EnSite as an Electrical Inspector from in or around April 29, 2016, through October 15, 2018 in Kentucky, Ohio and Texas.

34. As an Inspector, Norris performed ordinary inspection work, *i.e.*, Norris performed routine inspection tests, using pre-determined guidelines and standards with little discretion in the performance of his work.

35. During his employment, Norris worked periods which could consist of 10 to 14 (or

more) days straight. Norris was scheduled to work 10 hours a day. Despite often working beyond his scheduled shift, Norris was not always permitted to record this additional time worked.

36. Throughout his employment, EnSite paid Norris a set day rate regardless of the number of hours he worked in a week.

37. The amount of day rate Norris received was set by EnSite and varied based on project EnSite assigned to Norris.

38. Norris was not compensated by EnSite if he was not at the jobsite and available to work.

39. EnSite did not pay Norris overtime pay for hours worked beyond 40 in a workweek.

## COLLECTIVE / CLASS ALLEGATIONS

40. Norris brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as Electrical Inspectors at EnSite who elect to opt-in to this action (the "FLSA Collective").

41. Norris brings the Second Cause of Action, an overtime claim under Kentucky state law, on behalf of himself and all similarly situated persons who have worked as Electrical Inspectors at EnSite in Kentucky (the "Kentucky Class").

42. Norris brings the Third Cause of Action, an overtime claim under Ohio state law, on behalf of himself and all similarly situated persons who have worked as Electrical Inspectors at EnSite in Ohio (the "Ohio Class").

43. EnSite is liable under the FLSA, KWHL, and OWA for, *inter alia,* failing to properly compensate Norris and other similarly situated Electrical Inspectors.

44. Consistent with EnSite's policy and pattern or practice, Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

45. All of the work that Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class have performed has been assigned by EnSite, and/or EnSite has been aware of all of the work that Norris and the FLSA Collective, Kentucky Class and Ohio Class have performed.

46. As part of its regular business practice, EnSite has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Norris and the members of FLSA Collective, Kentucky Class and Ohio Class. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class premium overtime wages for hours that they worked in excess of 40 hours per workweek; and
>
> (b) willfully failing to record all of the time that its employees, including Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class have worked for the benefit of EnSite.

47. EnSite is aware or should have been aware that federal and state law required it to pay Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class overtime premiums for hours worked in excess of 40 per workweek.

48. Norris and the members of the FLSA Collective, Kentucky Class and Ohio Class perform or performed the same primary duties.

49. EnSite's unlawful conduct has been widespread, repeated, and consistent.

50. There are many similarly situated current and former non-exempt day rate employees who have been underpaid in violation of the FLSA, KWHL, and OWA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

51. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

52. Those similarly situated employees are known to EnSite, are readily identifiable and can be located through EnSite's records.

6

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the FLSA Collective.

55. Plaintiff and the FLSA Collective worked in excess of 40 hours during some workweeks in the relevant period.

56. Defendant willfully failed to pay Plaintiff and the FLSA Collective one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

57. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

58. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

59. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Kentucky Wage and Hour Laws – Overtime Wages

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. EnSite has engaged in a widespread pattern and practice of violating the KWHL, as described in this Complaint.

62. The conduct alleged violates Kentucky Revised Statues, KRS Chapter 337.285.

63. At all relevant times, EnSite was subject to the requirements of the KWHL.

64. At all relevant times, EnSite employed each member of the Kentucky Class as an "employee" within the meaning of the KWHL.

65. The KWHL requires an employer like EnSite to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

66. Plaintiff and the members of the Kentucky Class were entitled to overtime pay under the KWHL.

67. Within the relevant period, EnSite had a policy and practice of failing to pay overtime to Plaintiff and each member of the Kentucky Class for hours worked in excess of 40 hours per workweek.

68. Plaintiff and each member of the Kentucky Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

69. Plaintiff and each member of the Kentucky Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by EnSite, as provided by Kentucky law.

### THIRD CAUSE OF ACTION
#### Ohio Minimum Fair Wage Act – Overtime Wages

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. EnSite has engaged in a widespread pattern and practice of violating the OMWA, as described in this Complaint.

72. The conduct alleged violates the OMWA Title XLI § 4111.03 *et seq.*

73. At all relevant times, EnSite was subject to the requirements of the OMWA.

74. At all relevant times, EnSite employed each member of the Ohio as an "employee" within the meaning of the OMWA.

75. The OMWA requires an employer like EnSite to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

76. Plaintiff and the members of the Ohio Class were entitled to overtime pay under the OMWA.

77. Within the relevant period, EnSite had a policy and practice of failing to pay overtime to Plaintiff and each member of the Ohio Class for hours worked in excess of 40 hours per workweek.

78. Plaintiff and each member of the Ohio Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

79. Plaintiff and each member of the Ohio Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by EnSite, as provided by Ohio law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Electrical Inspectors and similarly situated employees who are presently or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at EnSite. Such notice shall inform them that this civil action has been filed, of the nature of

the action, and of their right to join this lawsuit if they believe they were denied proper wages;

   B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Unpaid overtime and additional amounts as penalties pursuant to the KWHL and OMWA.

   D. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

   E. Reasonable attorneys' fees and costs of the action; and

   F. Such other relief as this Court shall deem just and proper.

Dated: June 28, 2021  
   Houston, Texas

Respectfully submitted,

/s/ *Richard J. Burch*

Richard J. Burch  
**BRUCKNER BURCH PLLC**  
Richard J. (Rex) Burch  
11 Greenway Plaza #3025  
Houston, Texas 77046  
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**  
Joseph A. Fitapelli, *pro hac vice forthcoming*  
Frank J. Mazzaferro, *pro hac vice forthcoming*  
28 Liberty Street, 30th Floor  
New York, New York 10005  
Telephone: (212) 300-0375

*Attorneys for the Plaintiff*