UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**NORRIS ALBERT**

v.                                                                                                  No. 3:21-cv-418-BJB

**ENSITE USA, INC.**

\*\*\*\*\*

## OPINION & ORDER

Albert J. Norris, misnamed in the court filings as Norris Albert, filed this putative collective action under the Fair Labor Standards Act alleging that Ensite unlawfully failed to pay overtime, compensate for sick days, and keep accurate records. *See* Complaint (DN 1) at 1–2.* A number of other plaintiffs filed similar suits in this Court, which consolidated the cases and then, with the parties' agreement, dismissed them with prejudice. *See Brown v. Ensite USA, Inc.*, No. 3:21-cv-380 (DN 55) (Oct. 25, 2023) (dismissing consolidated cases).

Similarly, in this freestanding case, Norris and Ensite jointly stipulated to dismissal. Joint Motion to Dismiss (DN 43). And they did so before Ensite responded to the Complaint and before Norris or anyone else moved for class certification (even though the complaint envisioned classwide treatment of Norris's claims, *see* Complaint at 1). Norris and Ensite agreed that the dismissal should be with prejudice—but only with respect to the named plaintiff, not to any member of the putative class. DN 43 at 1. The adjudication of this claim, therefore, should not prejudice any third parties who might file a lawsuit related to the allegations and claims raised here. As a result, Rule 23 doesn't require judicial approval of the settlement: the "class allegations [we]re withdrawn as part of a disposition reached before a class [was] certified," so "putative class members are not bound by the settlement." Alexandra N. Rothman, Note, *Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of Non-Class Mass Settlement*, 80 FORDHAM L. REV. 319, 330, 330 n.91 (2011) (quoting FED. R. CIV. P. 23, Summary of Proposed Amendments (Nov. 18, 2002)). The text of Rule 23(e), as amended, mandates "the

---

* The Joint Motion for Dismissal explains that the case caption transposed the Plaintiff's first and last names. The parties did not seek to correct this error given their intent to immediately dismiss it. DN 43 at 1 n.1.

court's approval" only if "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement" are "settled, voluntarily dismissed, or compromised." "[W]here no class has been certified," courts have held, "voluntary dismissal of a putative class action is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1082 (8th Cir. 2017) (collecting cases and quoting 2 McLaughlin on Class Actions § 6:1 (13th ed. 2016)).

Norris and Ensite agree with this approach, but they have offered to submit their proposed settlement for judicial review in the event the Court disagreed. Motion at 3. They got it right the first time, however: Because the Rules don't require judicial approval, and because this disposition won't prejudice the rights of any absent parties, review under Rule 23 is unnecessary. Based on the stipulation alone, therefore, this action stands dismissed with prejudice under FED. R. CIV. P. 41(a)(1)(A)(ii) with respect to the named plaintiff only and the Court strikes the case from the active docket. *See, e.g.*, *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 639, 643 (W.D. Ky. 2022) (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

Benjamin Beaton, District Judge
United States District Court

November 17, 2023